# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00329-CV

**Gregory G. Graze and Cynthia A. Criddle, Appellants**

**v.**

**Nationstar Mortgage, LLC, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-14-005248, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Gregory Graze and Cynthia Criddle sued Nationstar Mortgage, LLC ("Nationstar"), seeking a declaratory judgment that the terms of their modified home-equity loans violate article XVI, section 50(a)(6)(L) of the Texas Constitution and therefore render the underlying liens against their respective homesteads invalid. The trial court granted Nationstar's motion for summary judgment, in which it had argued that the loan modifications were not subject to the provisions of section 50(a)(6). In two issues, Graze and Criddle assert that the trial court erred in granting summary judgment for Nationstar because, in their view, section 50(a)(6) does apply to their modified loan agreements and the loan modifications violated that section by providing for a schedule of payments that are not substantially equal and include a number of interest-only payments. Graze and Criddle also contend that the trial court erred in concluding that Nationstar's written notice of the modifications cured any noncompliance. We will affirm.

## BACKGROUND

The parties do not dispute the facts material to this appeal. Graze and Criddle each obtained home-equity loans from Nationstar that were secured by liens on their respective homesteads. The loans had 30-year terms with payment schedules of equal monthly installments. Graze's loan had an initial fixed interest rate of 6.5 percent and monthly principal and interest payments of $1,896.21. Criddle's loan had an initial fixed interest rate of 9.19 percent and monthly principal and interest payments of $824.88. Both Graze and Criddle subsequently defaulted on their loans and entered into Loan Modification Agreements with Nationstar. The modification agreements recapitalized past-due interest and escrow advances and established a two-year period of interest-only payments at a lowered interest rate of 2 percent, during which Graze's monthly payments were reduced to $493.27 and Criddle's to $177.42. Following the two-year interest-only period, Graze's and Criddle's interest rates returned to their respective pre-modification levels and their monthly payments returned to being fully amortized principal and interest payments of $2,159.71 and $910.43, respectively. The slight increase in principal and interest payments under both modified agreements reflected the recapitalization of arrearages and retention of the original maturity dates. Both Graze and Criddle defaulted on their modified loans when the interest-only periods ended. Following their defaults, Graze and Criddle each claimed that the terms of their loan modifications violated the Texas Constitution.

Graze and Criddle brought a putative class action lawsuit against Nationstar seeking a declaration that the terms of their modified loans violated article XVI, section 50(a)(6)(L) of the Texas Constitution, rendering the underlying liens against their homesteads invalid. *See* Tex.

2

Const. art. XVI, § 50(a)(6)(L). Nationstar moved for summary judgment on the ground that the modified loans were not subject to the provisions of section 50(a)(6)(L). The trial court granted Nationstar's motion and rendered a final take-nothing judgment in its favor. Graze and Criddle then perfected this appeal.

## DISCUSSION

In their first issue, Graze and Criddle assert that the trial court erred in granting summary judgment in Nationstar's favor because the loan modifications did not comply with the requirements of article XVI, section 50(a)(6)(L). We review the granting of a motion for summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012).[1]

### *Constitutional Violations*

Graze and Criddle contend that the loan modifications were invalid because they violated article XVI, section 50(a)(6)(L)(i) of the Texas Constitution by allowing for a schedule of payments that were not substantially equal and included a number of interest-only payments. Section 50(a)(6)(L)(i) provides, in relevant part:

> The homestead of a family . . . is . . . protected from forced sale, for the payment of all debts except for . . . an extension of credit . . . scheduled to be repaid in substantially equal successive periodic installments, . . . each of which equals or exceeds the amount of accrued interest as of the date of the scheduled installment.

---

[1] The standards for reviewing a summary judgment are well-established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also* Tex. R. Civ. P. 166a(c)*; Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Accordingly, we need not repeat them here.

Tex. Const. art. XVI, § 50(a)(6)(L)(i). Graze and Criddle argue that Nationstar violated this provision by decreasing their obligations during the interest-only period and then subsequently increasing their obligations following the resumption of fully re-amortized principal and interest payments. Graze and Criddle's argument assumes that the provisions of section 50(a)(6) apply to their modified loans. The Texas Supreme Court has recently held, however, that section 50, which applies to new home-equity loans, does not apply to restructured home-equity loans. *See Sims v. Carrington Mortg. Servs. L.L.C.*, 440 S.W.3d 10 (Tex. 2014). Specifically, the court stated that "as long as the original note is not satisfied and replaced, and there is no additional extension of credit, as we define it, the restructuring is valid and need not meet the constitutional requirements for a new loan." *Id*. at 11-12.

In *Sims*, the court held that the applicability of section 50(a)(6) hinged not on whether the transaction was characterized as a modification or a refinance, but on whether it constituted a new "extension of credit." *Id.* at 15. We are unpersuaded by Graze and Criddle's attempt to draw a distinction between constitutionally impermissible "modifications," which they allege alter the original terms of a loan and, as a consequence, are subject to article XVI, section 50(a)(6), and permissible "restructurings" or "capitalizations," which do not. In circumscribing *Sims'*s holding to its specific facts, Graze and Criddle read the decision too narrowly. Indeed, the court expressly noted that the restructuring of a home-equity loan may involve not only the "capitalization of past-due amounts," but also "a lowering of the interest rate" or alterations to the "amount of installment payments." *Id.* at 17. The required payment schedule under a home-equity loan "is not one that, when initially set, can never be altered." *Id.* at 16. If Graze's and Criddle's loan modifications do not meet the court's definition of a new "extension of credit," they are not subject to the requirements of article XVI, section 50(a)(6).

The supreme court held that a restructured loan does not constitute a new extension of credit when (1) the original note is not satisfied or replaced; (2) no new funds are advanced; and (3) the terms of the restructured loan do not impose any additional obligations. *Id*. at 17. "The test should be whether the secured obligations are those incurred under the terms of the original loan." *Id*. at 16. In that instance, there is no additional extension of credit and the modified loan "need not meet the constitutional requirements for a new loan" under section 50(a)(6). *Id.* at 11-12.

Graze's and Criddle's Loan Modification Agreements did not operate to satisfy or replace their original notes. Each agreement expressly recites that it merely "amended the Note and the Security Instrument." All provisions of the original notes were to "remain in full force and effect." The agreements provide that nothing in either agreement is to be understood or construed as a "satisfaction or release in whole or in part" of the notes.

The restructuring of Graze's and Criddle's loans also did not amount to an advancement of new funds. The supreme court in *Sims* expressly rejected the borrowers' contention that the recapitalization of past-due amounts constituted an advancement by the lender of additional funds. Rather, the court characterized the recapitalization as a "mechanism for deferring payment of obligations already owed in a way that allows the borrower to retain his home." *Id*. at 16.

Finally, Graze's and Criddle's loan modifications did not increase the obligations created by their original notes. The court in *Sims* exemplified such an increase with the analogy of making a homestead lien security "for another indebtedness, such as the borrower's consumer or credit card debt." *Id*. The modifications at issue in this case did not expand the scope or amount of the debt secured by the original lien, impose additional personal liability on Graze or Criddle, or

5

require additional security beyond the existing liens. The Loan Modification Agreements provide that they do not "in any way . . . affect any of [Nationstar's] rights under . . . the note." Graze's and Criddle's secured obligations are the same as those incurred under their original loans.

Graze's and Criddle's modified loans do not constitute a new extension of credit under the three elements of the *Sims* test. Consequently, the constitutional requirements of section 50(a)(6) for new home-equity loans do not apply. The trial court did not err in granting Nationstar's motion for summary judgment on the ground that the modified loans were not subject to the provisions of section 50(a)(6)(L) of the Texas Constitution. Accordingly, we overrule Graze and Criddle's first issue.

### *Cure by Notice*

In their second issue, Graze and Criddle argue that Nationstar failed to cure the alleged non-compliance with the requirements of section 50(a)(6). Having concluded that the loan modifications are not subject to section 50(a)(6)'s requirements, we need not address this issue. *See* Tex. R. App. P. 47.1.

### CONCLUSION

Because the constitutional requirements for a new home-equity loan contained in article XVI, section 50(a)(6) of the Texas Constitution do not apply to Graze's and Criddle's restructured loans, the trial court did not err in granting summary judgment in favor of Nationstar. We affirm the trial court's judgment.

6

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   October 21, 2015