

# NUMBER 13-12-00645-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER HENNEN
AND MISTY HENNEN,                                                Appellants,

v.

ALLSTATE INSURANCE
COMPANY,                                                          Appellee.

## On appeal from the 235th District Court
## of Cooke County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Garza

Appellants, Christopher and Misty Hennen (the "Hennens"), appeal a final summary judgment entered in favor of appellee, Allstate Insurance Company ("Allstate"). We affirm.

# I. ANALYSIS[1]

The Hennens contend that the trial court erred in granting Allstate's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i).

## A. Standard of Review

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, pet. denied). "We must review the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). If the nonmovant produces evidence to raise a genuine issue of material fact, summary judgment is improper. *See* TEX. R. CIV. P. 166a(i); *Buck*, 381 S.W.3d at 527 n.2 ("The ultimate question is simply whether a fact issue exists.").

## B. Grounds for Summary Judgment

In its motion, Allstate argued, among other things, that it was entitled to a no-evidence summary judgment on the following grounds:

> The plaintiffs can present no evidence of the damages sought against Allstate for the alleged lack of cooperation cause of action. The Hennen's [sic] allege that as a result of Allstate's refusal to allow access to its expert Mark Babb that they settled their claim for 1/5th of its true value of $200,000. No trial was held. The Hennens voluntarily chose to settle their claim for $40,000. They can present no evidence that their claim against Direct TV was worth $200,000 nor can it [sic] provide any evidence that it [sic] would have prevailed and recovered a judgment of $200,000 (or any other amount for that matter) against Direct TV. There is simply no

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

evidence of damages as a result of Allstate's alleged refusal to share its expert Mark Babb.

Further, the Hennens can present no evidence of extreme emotional distress, loss of income, or destruction of their credit reputation as to their bad faith claims.

## C. Response by the Hennens

In their response, the Hennens argued as follows:

[D]uring December 2010, Allstate, for some unknown reason, except to harass . . . [the Hennens], prohibited cause-of-fire experts to testify in a lawsuit filed by . . . [the Hennens] against the parties responsible for causing the fire which destroyed the home of . . . [the Hennens]. That suit was filed by . . . [the Hennens] to mitigate their damages in this suit and since Allstate refused to make a claim against those third parties on behalf of . . . [the Hennens]. Such acts and omissions were the direct cause of . . . [the Hennens] being required to settle their claim in that lawsuit for a sum of at least $160,000.00 less than what was recoverable. Contrary to Allstate's assertion of who prohibited the expert from testifying, a representative of Allstate named Lisa Susman made this decision.

The Hennens attached documents to their response that they describe as follows:

1. Copy of e-mail from Mark Babb, the engineer employed by Allstate to determine cause of fire on March 5, 2006;

2. Copy of statement furnished by Carol DeBorde, employee of Ken Blanton Insurance Agency, Allstate's agent;

3. Copy of time-line statement of [the Hennens] . . . concerning the fire which destroyed their home and subsequent events;

4. Copy of Allstate's Response to . . . [the Hennens'] Request for Disclosure;

5. Letter dated March 3, 2007 from Misty Hennen to Brian White.

## D. Discussion

Allstate's motion covered the only two claims alleged by the Hennens: (1) lack of cooperation; and (2) bad faith. We will address each in turn.

3

First, as to lack of cooperation,[2] the Hennens contend that they sustained at least $160,000 in damages because they settled their claim against Direct TV for $40,000; however, in their response, they did not point out any evidence regarding the actual value of the claim. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002) ("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). On its own, the Hennens' assertion that the claim was worth at least $200,000 is conclusory and speculative and therefore no evidence. *See Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 158 (Tex. 2012) (recognizing that "an owner's conclusory or speculative testimony will not support a judgment") (quotations omitted). Accordingly, the trial court did not err in granting summary judgment on this basis.

Second, with respect to bad faith,[3] the Hennens contend that they sustained damages from the "destruction of their credit reputation"; however, in their response, the Hennens did not discuss the destruction of their credit reputation or point out any evidence of such damages. *See Johnson*, 73 S.W.3d at 207. Nor did they discuss or point out any evidence of extreme emotional distress or loss of income. *See id.* Accordingly, the trial court did not err in granting summary judgment on this basis.

---

[2] The parties disagree about whether Texas law recognizes such a cause of action, but to the extent that it does, the parties agree that damages would be an essential element of the claim. Accordingly, for purposes of this appeal, we will assume without deciding that Texas law recognizes a cause of action for failure to cooperate.

[3] *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 193 n.13 (Tex. 1998) ("A breach of the common-law duty of good faith and fair dealing inherent in the dealings between an insurer and its insured must be the proximate, rather than producing, cause of damage.").

We overrule this issue. Furthermore, it is unnecessary to decide the other two issues the Hennens raise challenging the traditional grounds for summary judgment argued in Allstate's motion because the trial court's judgment must be upheld based on the no-evidence grounds we have already discussed. *See* TEX. R. APP. P. 47.1.

## II. CONCLUSION

The judgment of the trial court is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
5th day of September, 2013.