

# NUMBER 13-09-00192-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT V. BUCK AND QUEEN ISABELLA
DEVELOPMENT JOINT VENTURE,**                                            **Appellants,**

**v.**

**G.J. PALMER JR.,**                                                    **Appellee.**

---

**On appeal from the 370th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez, and Justices Benavides and Vela[1]
Memorandum Opinion on Remand by Justice Benavides**

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2012; therefore, this case, which was argued before this panel on March 24, 2010, will be decided by the two remaining justices on the panel.   *See* TEX. R. APP. P. 41.1(b) ("After argument, if for any reasons a member of the panel cannot participate in deciding a case, the case may be decided by the two remaining justices.").

This appeal is before us for the second time. *See Buck v. Palmer*, 379 S.W.3d 309 (Tex. App.—Corpus Christi 2010), *rev'd and remanded, in part, aff'd, in part,* 381 S.W.3d 525 (Tex. 2012) (per curiam).[2]

In our original opinion, we: (1) affirmed the trial court's summary judgment order that concluded that appellant Queen Isabella Development Joint Venture ("Queen Isabella") was dissolved; (2) did not address the trial court's granting of summary judgment on limitations grounds; (3) found no abuse of discretion regarding the trial court's denial of appellant Robert Buck's request for production of appellee G.J. Palmer's financial statements; (4) upheld the denial of Buck and Queen Isabella's motion to disqualify Palmer's counsel; and (5) overruled Buck and Queen Isabella's assertion that the trial court made a grant of declaratory relief and concluded that such a statement was a factual finding inappropriately contained in a summary judgment order.

On August 31, 2012, the Texas Supreme Court affirmed our decision that upheld the denial of Buck and Queen Isabella's motion to disqualify, did not address the issue of declaratory relief, reversed and remanded our decision to affirm the granting of summary judgment on dissolution, and further remanded the case to this Court to consider the unaddressed summary judgment on limitations issue, as well as to reconsider the request for production of financial statements issue. *See Buck*, 381 S.W.3d at 528.

---

[2] The factual and procedural histories of this case were set forth in our first opinion, and for purposes of this opinion, we incorporate them herein. *See Buck v. Palmer*, 379 S.W.3d 309 (Tex. App.—Corpus Christi 2010), *rev'd and remanded, in part, aff'd, in part,* 381 S.W.3d 525 (Tex. 2012) (per curiam). Because this case is on remand, before us for the second time, and the parties are familiar with the factual and procedural histories of this case, we will not repeat them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1, 47.4.

We reverse and remand.

## I.    SUMMARY JUDGMENT ON LIMITATIONS GROUNDS

By its first issue on remand, Buck and Queen Isabella assert that this Court should reverse and remand the trial court's summary judgment on the issue of limitations because pursuant to the Texas Supreme Court's opinion on the dissolution issue, the affirmation of the trial court's summary judgment on the limitations issue fails. The Texas Supreme Court held that "[w]hile the June 1995 letter might be some evidence that the partnership was dissolved, Buck presented other evidence that creates a genuine issue of material fact as to his intent." *Id.* In response to this argument, Palmer does not contest Buck and Queen Isabella's assertions and agrees that a summary judgment based on limitations in this case cannot survive under the supreme court's holding regarding the disputed date of when the partnership dissolved. Accordingly, we sustain Buck and Queen Isabella's first issue.

## II.    PRODUCTION OF FINANCIAL STATEMENTS

We now reconsider Buck and Queen Isabella's previously labeled third issue on appeal, and now second issue on remand, regarding whether the trial court abused its discretion by denying their attempt to discover Palmer's financial statements.

## A.    Discussion

In his brief, Buck asserts that Palmer's financial statements are relevant to the value of the partnership and/or percentage of Buck's interest in the same.[3]  Buck also

---

[3]  Palmer challenges whether this specific contention was properly preserved for review. We concluded that it was properly preserved because this specific argument is encompassed in Buck's broader relevancy argument regarding the value placed on Queen Isabella by Palmer.

3

argued that the document's potential relevance relates to the fact issue regarding Palmer's dissolution argument. In our original opinion, we used the June 1995 summary judgment dissolution date as a basis for overruling Buck and Queen Isabella's challenge to the trial court's discovery ruling because the financial statements were dated four years after the declared dissolution date, and thus would not have supported Buck's claim that the Queen Isabella's value was greater than zero at date of dissolution.

However, in light of the new procedural posture of this case, including the reversal and remand of the summary judgment regarding the date of dissolution by the Texas Supreme Court, we decline to address the merits of the arguments made by either party on this issue. After reconsideration, pursuant to the Texas Supreme Court's mandate, we reverse the trial court's order sustaining Palmer's objections to the production of Palmer's financial statements and denying Buck's motion to overrule the objections. We remand this issue to the trial court for its reconsideration of the discoverability of Palmer's financial statements.[4] Buck and Queen Isabella's issue is sustained.

## III. DECLARATORY RELIEF

By their third issue, Buck and Queen Isabella ask this court to reverse the trial court's grant of declaratory relief and affirm the take-nothing judgment as to Palmer's claims for affirmative relief. We decline the invitation.

In our original opinion, we overruled Buck and Queen Isabella's declaratory relief issue on the grounds that the trial court's disputed statement was not a grant of declaratory relief, but rather a factual finding that results from the final summary judgment

---

[4] Palmer urged this Court, in the alternative. to consider this disposition in light of the Texas Supreme Court's opinion.

4

on Buck's claims. *See Buck*, 379 S.W.3d at 321 n. 7. We noted that we did not consider that finding of fact in our original decision and that Buck and Queen Isabella did not show harm by it being included in the judgment. *See id.*; *see also IKB Indus. V. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) ("The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment.").

Buck and Queen Isabella appealed our ruling on the declaratory relief issue to the Texas Supreme Court in its petition for review. On review, the Texas Supreme Court did not address the declaratory relief issue, but instead, issued the following disposition:

> Accordingly, we reverse the court of appeals' judgment and remand this case to the court of appeals for consideration of the unaddressed summary judgment motion on statute of limitations grounds, as well as for reconsideration of Buck's motion to compel discovery.

*Buck*, 381 S.W.3d at 528.

In other words, the Texas Supreme Court's opinion reversed this Court only on the summary judgment on the issue of dissolution, and remanded for this Court to reconsider the discoverability of Palmer's financial statements, which hinged on summary judgment regarding dissolution, as well as the remaining unaddressed summary judgment issue regarding limitations. No discussion or analysis was made regarding the declaratory relief issue. Therefore, we interpret the Texas Supreme Court's decision not to address the declaratory relief issue as an approval of this Court's decision on this particular issue. *See generally Phillips v. Bramlett*, —S.W.3d— (Tex. 2013) (stating that the trial court on remand correctly understood the Texas Supreme Court's holding which addressed only an award of actual damage as an approval of the court of appeals' unchallenged holding

5

on an unaddressed punitive damages issue).[5]   Buck and Queen Isabella's third issue is overruled.

## IV.   CONCLUSION

We reverse and remand this case for proceedings consistent with this opinion, as well as the Texas Supreme Court's opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
26th day of September, 2013.

---

[5] We also note that Buck and Queen Isabella made a similar argument to the Texas Supreme Court following the issuing of its opinion via a motion for rehearing.  In their motion, Buck and Queen Isabella asked the high court to "expand or clarify" the scope of its remand.  The Texas Supreme Court denied this motion and issued its mandate on November 20, 2012.