

# NUMBER 13-17-00547-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

AAON,                                                      **Appellant,**

**v.**

CJO ENTERPRISES, INC.,                               **Appellee.**

---

## On appeal from the 117th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Rodriguez and Benavides[1]**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant AAON challenges the trial court's granting of appellee CJO

Enterprises, Inc.'s (CJO) motion for summary judgment. We affirm.

---

[1] The Honorable Nelda V. Rodriguez, former Justice of this Court, was a member of the panel when this case was orally argued but did not participate in this decision because her term of office expired on December 31, 2018.

## I.    BACKGROUND

### A.    Prior Litigation

The background of this case involves litigation relating to heating, ventilation, and air conditioner (HVAC) systems installed at Calallen Independent School District (CISD). CISD contracted with AAON to purchase and install HVAC units at five of its schools. As part of the contract, CISD requested that Adsil protective coating be applied to the HVAC units' coils to prevent corrosion. AAON contracted with CJO to apply the Adsil coating to the HVAC units' coils. CISD alleged that the Adsil coating failed to protect the HVAC units and led to "premature degradation and corrosion" and sued AAON, Adsil, and CJO. Eventually, CISD non-suited AAON and Adsil in its case against them and entered into a mediated settlement agreement with CJO.

### B.    Current Litigation

Subsequent to CISD's lawsuit, AAON filed this petition claiming indemnity from CJO and Adsil under chapter 82 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82 (West, Westlaw through 2017 1st C.S.). AAON sought "reasonable attorney's fees, expert witness costs, and other reasonable expenses in defending the CISD litigation and in enforcing its right to indemnification in this suit."

AAON settled its indemnity claim with Adsil. CJO filed a hybrid motion for traditional and no-evidence summary judgment regarding AAON's indemnity claim against it. In the motion, CJO alleged that AAON did not qualify for indemnity because CJO was not a "manufacturer" of Adsil and AAON was not a "seller" of Adsil and there was no evidence that entitled AAON to statutory indemnity from CJO. The trial court,

considering the evidence before it, granted CJO's hybrid motion for summary judgment. This appeal followed.

## II. SUMMARY JUDGMENT

By its sole issue, AAON argues the trial court committed error by granting CJO's motion for summary judgment.

### A. Standard of Review

A motion for summary judgment may be brought on no-evidence or traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). We review a trial court's grant of summary judgment de novo. *Neely v Wilson*, 418 S.W.3d 52, 59–60 (Tex. 2013); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The party moving for summary judgment bears the burden of proof. *Roskey v. Tex. Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982). Though these burdens vary for traditional and no-evidence motions, the summary judgment motion here was a hybrid motion and both parties brought forth summary judgment evidence; therefore, the differing burdens are immaterial and the ultimate issue is whether a fact issue exists. *Buck v. Palmer*, 381 S.W.3d 525, 527 & n. 2 (Tex. 2012). A fact issue exists if there is more than a scintilla of probative evidence. *See id.* at 527; TEX. R. CIV. P. 166a(c),(i). We must review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). "In reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.

3

2005).

**B.    Applicable Law and Discussion**

The Texas Products Liability Act (the Act) gives the innocent seller of an allegedly defective product a statutory right to indemnity from the product's manufacturer for losses arising out of a products-liability action.   TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a); *Centerpoint Builders GP, LLC v. Trussway, Ltd.*, 496 S.W.3d 33, 35–36 (Tex. 2016); *Petroleum Sols., Inc. v Head*, 454 S.W.3d 482, 491 (Tex. 2014).   This statutory right is "in addition to any duty to indemnify established by law, contract, or otherwise."   TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(e)(2).   The Act's indemnity provision states:

> A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable.

*Id.* § 82.002(a).   "Products liability action" is broadly defined as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product."   *Id.* § 82.001(2).   The duty to indemnify is triggered by allegations in the injured claimant's pleadings of a defect in the manufacturer's product, regardless of any adjudication of the manufacturer's liability to the claimant.   *Centerpoint*, 496 S.W.3d at 36; *see Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 255 (Tex. 2006).

While the scope of a manufacturer's duty to indemnify is often described as broad, it is owed only to sellers, and an indemnity claimant's seller status is a necessary prerequisite to maintaining a claim.   *Centerpoint*, 496 S.W.3d at 36.   The Act defines

4

"seller" as a "person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3).

AAON argues that it should be designated as an "innocent seller" because it is a "seller of HVAC units and coil coatings." In the pleadings and briefs submitted to the trial court, AAON stated that the Adsil condenser coating was included on quotations and purchase orders of its products to CISD. However, in its first amended petition, the live petition, AAON stated it "was not in the business of selling, marketing, or distributing Adsil" and claimed Adsil was included as a "pass-through" transaction on its sales documents.

Although AAON did include the Adsil coating as part of the quotes and purchase orders it submitted, the Adsil product was "incidental" to the selling and installation of the HVAC units. *See Centerpoint*, 496 S.W.3d at 40 (holding that one is "not engaged in the business of" selling a product if providing that product is incidental to selling services). AAON also argues that it made a profit from the inclusion of Adsil in the purchase order, unlike Centerpoint. *See id.* at 41.

Centerpoint was a general contractor who purchased trusses directly from the manufacturer, Trussway, Ltd. *Id.* at 35. Sandidge & Associates were contracted to install the trusses in an apartment complex for Centerpoint, but during the job, one of Sandidge's workers was injured on a truss that broke. *See id.* Centerpoint sued Trussway for statutory indemnity, but the Beaumont Court of Appeals found Centerpoint was not a seller and not entitled to indemnity. *See id.* The Texas Supreme Court held that:

5

a general contractor who is neither a retailer nor a wholesale distributer of any particular product is not necessarily a 'seller' of every material incorporated into its construction projects for statutory-indemnity purposes. Whether a person or entity is 'engaged in the business' of selling a service, selling a product, or doing both—regardless of the person's classification as a general contractor or subcontractor—depends on the specific facts at issue.

*Id.* at 41. The *Centerpoint* Court found that the sale of trusses by Centerpoint was "incidental to its contract to provide the services necessary to construct a building" and because they were engaged in the "business" of providing a service, Centerpoint was not a "seller" under the Act. *Id.* at 42.

We find *Centerpoint* analogous to this case. AAON stated it included Adsil in its quotes and purchase orders, but the inclusion of Adsil was "incidental to its contract," since CISD required the application of Adsil. Therefore, we hold that AAON was not "engage in the business of" selling Adsil because providing Adsil was incidental to its contract with CISD. *Id.* at 40. AAON was not a seller in this transaction and does not meet the definition of an "innocent seller" necessary to enact the right to indemnification. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3).

Because we held that AAON does not meet the "seller" requirement under the Texas Civil Practices and Remedies Code section 82.001(3), the trial court properly granted summary judgment, and we do not need to determine if CJO met the definition of a manufacturer. *See Centerpoint*, 496 S.W.3d at 36.

We overrule AAON's sole issue.

6

### III.    Conclusion

We affirm the ruling of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
18th day of April, 2019.