

# NUMBER 13-20-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DIANA GARZA,**                                                                                    **Appellant,**

**v.**

**JOSE OCHOA,**                                                                                    **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Diana Garza brought suit against appellee Jose Ochoa relating to injuries she sustained when she crashed her car to avoid hitting Ochoa's dogs on the road. By a single issue, Garza argues that the trial court erred by granting Ochoa's motion for no-evidence summary judgment. We affirm.

# I. BACKGROUND

On October 4, 2016, Garza was driving on a road near Ochoa's property. According to Garza, several dogs came running from Ochoa's property onto the road. When Garza swerved to avoid hitting the dogs, her car left the road and rolled over. Garza was transported via emergency helicopter to the trauma center at Christus Spohn Memorial Hospital. Garza sustained a concussion and several fractures to her skull, ribs, and spine.

Teresa Caldera, one of Ochoa's neighbors, testified that she frequently passed Ochoa's property while going for evening walks. She claimed that

> [f]or roughly three years leading up to the accident there were three dogs that Mr. Ochoa owned that would run from his house, up his driveway, and out to the road every time I walked or drove by. For years these dogs did this to pretty much everyone that walked or drove by and it was a constant nuisance in the neighborhood. There was no fence that kept the dogs from running out into the road, and I never saw him make any effort to restrain the dogs on his property or keeping [sic] them from running at large off of his property.

Caldera confirmed that at least one of the dogs identified by Garza belonged to Ochoa.

Garza sued Ochoa for negligence and negligence per se, alleging that Ochoa had a responsibility as a dog owner to exercise reasonable care to prevent his dogs from causing foreseeable injury to others. Ochoa filed a no-evidence motion for summary judgment. In his motion, he did not refute ownership of the dogs in question; instead, Ochoa argued that there is no common-law duty in Texas to restrain non-vicious dogs.

On December 14, 2019, the trial court granted Ochoa's motion without stating the grounds for granting the motion. This appeal followed.

2

## II. REGULATION OF DOGS

In her sole issue, Garza argues that the trial court erred in granting the no-evidence motion for summary judgment. More specifically, Garza argues that she produced more than a scintilla of evidence on each of the challenged elements of her cause of action.

### A. Standard of Review and Applicable Law

A movant for traditional summary judgment bears the burden to show its entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A no-evidence motion for summary judgment is essentially a pretrial directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex. 2003). The trial court must grant a motion for no-evidence summary judgment if the respondent does not produce summary judgment evidence raising a genuine issue of fact. *See* TEX. R. CIV. P. 166a(i); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.). In our analysis, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*King Ranch,* 118 S.W.3d at 750–51. There is no genuine issue of fact if the evidence is less than a scintilla. *See id.* There is less than a scintilla of evidence when the evidence is "so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable

3

reasonable and fair-minded people to differ in their conclusions." *Id.*

"Negligence actions in Texas require 'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 453 (Tex. 2002)). The existence of duty is a question of law. *See Nabors*, 288 S.W.3d at 404. To determine whether a defendant is under a legal duty, Texas courts consider several interrelated factors, but the foremost consideration is whether the risk is foreseeable. *See Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 460 (Tex. App.—Dallas 2007, pet. denied). Foreseeability generally means an actor of ordinary intelligence should have anticipated the dangers that his negligent act or omission created for others. *See id.*

**B. Analysis**

Garza brought suit against Ochoa for negligence and negligence per se. Her negligence per se cause of action was based on the assumption that Ochoa's property was located within the City of Kingsville, and thus subject to the City's ordinance requiring owners to restrain their dogs. However, on appeal, Garza acknowledges that Ochoa's property is not within the City of Kingsville. Indeed, most of Ochoa's no-evidence motion for summary judgment was devoted to proving that his property is in Kleberg County. Accordingly, Garza concedes that her negligence per se cause of action must fail.

Concerning her general negligence cause of action, Garza alleges that Ochoa was negligent by: (1) failing to restrain his dogs; (2) allowing his dogs to roam freely; (3) failing to keep the dogs on a leash while off of his property; (4) failing to take measures to prevent

4

the dogs from leaving his property; and (5) failing to close the gate at the entrance of his property. Ochoa asserts that he owed no duty to Garza because the incident occurred in Kleberg County, meaning the Kingsville ordinance regarding dogs is inapplicable. Additionally, Ochoa claims "there is no duty to keep a dog restrained in Kleberg County" and "there is no common law duty to restrain animals in Texas." We agree with Ochoa.

"From the time of the Republic of Texas, the default rule in this state has been that livestock owners may allow their animals to run at large." *Pruski v. Garcia*, 594 S.W.3d 322, 323 (Tex. 2020); *see Gibbs v. Jackson*, 990 S.W.2d 745, 747 (Tex. 1999) ("Neither the courts nor the legislature of this state have ever recognized the rule of the common law of England which requires every man to restrain his cattle either by tethering or by inclosure. . . . It is the right of every owner of domestic animals in this state, not known to be diseased, vicious, or 'breachy,' to allow them to run at large.") (citing *Clarendon Land, Inv. & Agency Co. v. McClelland,* 86 Tex. 179, 23 S.W. 576 (1893)); *see also Hayes v. Blake*, No. 03-00-00065-CV, 2000 WL 1028206, at *5 (Tex. App.—Austin July 27, 2000, no pet.) (observing that "[a]bsent a duty imposed by a statute, there is no common law duty to restrain an animal that has not exhibited violent or vicious tendencies."). In *Gibbs*, the Texas Supreme Court refused to adopt a common-law duty for pet-owners to restrain their pets. *See Gibbs*, 990 S.W.2d at 747. The court briefly discussed the history of animal trespassing laws and observed that over the decades, Texas had become a "free-range" state as the general rule. *See id.* The legislature has regulated dog ownership in a number of ways, but they have not mandated the general, state-wide restraint of dogs. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.007 (permitting municipalities and counties to pass

5

their own leash and registration requirements pertaining to dogs); *id.* § 822.012 (stating that a dog that is known to kill other animals is not permitted to run at large); *id.* § 822.031 (allowing counties to prohibit dogs from roaming freely unless they have been registered and have an identification tag fastened about their necks); § 826.033 (allowing municipalities to require dogs to be restrained as part of a local rabies control program).

In other words, the Texas Supreme Court has declined in the past to create a common-law duty to restrain dogs and the legislature has delegated the restriction of roaming animals, such as dogs, to local governmental entities. The City of Kingsville has passed city ordinances to change the default free-range status quo by requiring owners to restrain their dogs; however, Kleberg County has passed no such ordinance. *See Pruski*, 594 S.W.3d at 323.

Because there is no general duty to restrain, we look to the record to see if there is a scintilla of evidence that Ochoa's dogs were "diseased, vicious, or breachy." *Gibbs*, 990 S.W.2d at 747. There is no evidence suggesting that Ochoa's dogs were diseased or vicious. *See id.* And there is no evidence that Ochoa's dogs were "breachy" because, as Garza admits, that term generally refers to livestock that breaches either the owner's or a neighbor's fence to enter another's property or enclosure. In the present case, there is no evidence that the dogs breached a fence or entered anybody's property. The evidence merely shows that the dogs roamed off Ochoa's property onto the county road.

Viewing the evidence in the light most favorable to Garza, we conclude that she has failed to produce a genuine issue of fact regarding her causes of action. *See Buck v. Palmer*, 381 S.W.3d at 527. More specifically, absent any applicable local ordinances,

6

Garza has failed to demonstrate that Ochoa owed her a duty to restrain his dogs. *See Pruski*, 594 S.W.3d at 323. Accordingly, the trial court did not err by granting Ochoa's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). We overrule Garza's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed on the
3rd day of June, 2021.