In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00326-CV

_____

PAREE LA'TIEJIRA, Appellant

V.

JOHN A. CRIBB, Appellee

_____

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 21-10-14420-CV

_____

**MEMORANDUM OPINION**

After their romantic relationship ended, Appellant Paree La'Tiejira

("La'Tiejira") sued Appellee John A. Cribb ("Cribb") for breach of contract and

fraudulent inducement, seeking specific performance. La'Tiejira asserted that Cribb

promised to pay her $250,000.00 and support her. She in turn would be in an

exclusive relationship with him and remove her personal ad from an online dating

website. The trial court granted Cribb's No-Evidence Motion for Summary

1

Judgment after striking all La'Tiejira's evidence. In six issues, La'Tiejira complains that the trial court improperly: (1) denied her Motion to Compel; (2) granted Appellee's Motion for Sanctions; (3) denied her Motion for Continuance without a hearing; (4) denied her Motion for Leave to Depose Cribb; (5) granted Appellee's First Amended Answer in Violation of the Docket Control Order; and (6) granted Cribb's No Evidence Motion for Summary Judgment and First Amended Traditional Motion for Summary Judgment. For the reasons discussed below, we affirm the trial court's judgment but reverse the sanctions award.

## BACKGROUND

**Facts**

In November 2015, La'Tiejira and Cribb met through an online dating website. Despite being married, Cribb initially told La'Tiejira he was unmarried, and they began a romantic relationship. During the relationship, Cribb bought La'Tiejira gifts and transferred money into La'Tiejira's various accounts. In March 2016, Cribb purportedly emailed La'Tiejira in which he promised to support her financially and pay her $250,000.00 if she would remove her online dating profile from the website. La'Tiejira alleged she learned for the first time that Cribb was married after the March 27, 2016 email. In 2019, after their relationship ended but before La'Tiejira sued, Cribb and his wife divorced. In 2021, La'Tiejira sued Cribb for breach of a

2

unilateral contract and fraudulent inducement, seeking specific performance to require Cribb pay her $250,000.00.

**Deadlines, Motion for Continuance, Discovery, and Sanctions**

The trial court's Docket Control Order ("DCO") set trial for October 3, 2022, with a pleading deadline 150 days before trial. The DCO had a discovery deadline of ninety days before trial, which included completing depositions. On June 23, 2022, La'Tiejira filed her "Motion for Continuance and to Amend Docket Control Order" claiming that her attorney contracted COVID, that he needed to move to compel, and needed to "seek to take Cribb's deposition." La'Tiejira set the Motion for Continuance to be heard by submission on July 8, 2022. The trial court ultimately denied La'Tiejira's Motion for continuance by an order signed on August 8, 2022.

On June 23, 2022, La'Tiejira also filed a "Motion to Compel Defendant's Response to Request for Production." The Motion to Compel contained explicit sexual allegations and sought, among other things, production of documents from Cribb's divorce case, which La'Tiejira claimed were relevant to Cribb's credibility. It also included various exhibits, specifically receipts, itemized purchases, and sexually explicit photographs. La'Tiejira set the Motion to Compel for submission on July 8, 2022.

On June 29, 2022, Cribb filed "Defendant's Motion to Strike 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production' or, in the

3

Alternative, Motion to Seal 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production', and Defendant's Request for Sanctions." Cribb sought sanctions under Texas Rules of Civil Procedure 13 and 76a, and Texas Civil Practice and Remedies Code Chapters 9 and 10. Cribb complained that La'Tiejira attached sexually explicit photographs of the parties and filed the Motion to Compel in bad faith with the sole purpose of harassing and embarrassing him. He also argued La'Tiejira filing the Motion violated his privacy rights and that "none of the sexually explicit photographs are referenced as support for any relevant contention contained within the motion[.]" Cribb claimed that on June 23, 2022, he asked La'Tiejira's counsel to withdraw the Motion to Compel and submit it without the sexually explicit content, but counsel ignored the request. He argued he did not dispute they had a past sexual relationship, so the photographs were irrelevant.

Additionally, Cribb cited Texas Penal Code section 21.16, which prohibits disclosing such material without the effective consent of the depicted person. *See* Tex. Penal Code Ann. § 21.16. He claimed there was no legal justification for filing the material in the public record and asked the court to preserve the material as confidential. Cribb asked that La'Tiejira be ordered to withdraw the Motion to Compel Defendant's Responses to Request for Production, or that she be ordered to amend the document to remove the sexually explicit material from the court record. Alternatively, Cribb requested that the trial court strike the Motion to Compel.

4

Cribb asked that after notice and hearing, the trial court impose all sanctions deemed appropriate on La'Tiejira and her attorney. Cribb argued the Motion to Compel was brought in bad faith, to harass him, to increase litigation costs, and was frivolous. He alleged that it was necessary for his lawyer to file the Motion to Strike, and La'Tiejira should be ordered to pay reasonable attorney's fees, expenses, and costs associated with the Motion. Cribb asserted that judgment should be rendered in favor of his attorney and against La'Tiejira. He prayed for costs, attorney's fees, and "any and all relief to which he may be entitled in equity or in law." Cribb also filed a "Notice of Submission and Request for Oral Hearing" and asked the trial court to set his Motion to Strike the Motion to Compel and for Sanctions on July 8, 2022, the same day La'Tiejira had set her Motion to Compel for submission.

On June 30, 2022, Cribb also filed "Defendant's Response to 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production,' Defendant's Request for Sanctions, and Request for Oral Hearing." In his Response, Cribb outlined that on May 27, 2022, he e-served discovery responses and sent a courtesy copy to counsel's address, which was returned to Defendant's counsel as "unable to forward[.]" On June 9, 2022, La'Tiejira's attorney retrieved the discovery responses from defense counsel's office. On June 14, 2022, Plaintiff's counsel sent defense counsel a deficiency letter, and on June 23, 2022, defense counsel received Plaintiff's Motion to Compel Defendant's Request for Production Responses. Cribb

5

argued that the information La'Tiejira requested was irrelevant to this suit and had no bearing on whether a contract existed with Plaintiff. Cribb contended that even if all documents were provided, they would not make the contract's existence more or less likely. Further, Cribb claimed that despite valid objections, he produced a USB containing documents. He noted that although La'Tiejira claimed the USB could not be opened, she never told defense counsel that.

In his Response, Cribb also reincorporated his request for sanctions against La'Tiejira and her attorney for filing the Motion to Compel. Cribb's Response to La'Tiejira's Motion to Compel included the following exhibits: photograph of undeliverable mail to La'Tiejira's counsel; emails between counsel discovery responses being available for pickup in defense counsel's office; email from defense counsel to La'Tiejira's attorney advising he could get discovery responses from their office and would not incur costs of resending since he failed to pick them up from post office; letter regarding discovery responses being returned as undeliverable; La'Tiejira's attorney's email sending interrogatories to defense counsel; emails between counsel regarding discovery deadlines; emails between counsel regarding La'Tiejira's preferred email address for e-service; emails about sending discovery requests in Word format; La'Tiejira's attorney's email sending Responses to Requests for Production with picture of Camaro; and email from La'Tiejira's attorney asking defense counsel to look at additional photos.

6

On July 6, 2022, Cribb filed a Notice of Oral Hearing indicating that the following had been removed from the court's July 8, 2022 submission docket and would instead be an oral hearing on August 5, 2022: Plaintiff's Motion to Compel; and "Defendant's Motion to Strike 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production' or, in the Alternative, Motion to Seal 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production', and Defendant's Request for Sanctions." The record reflects that on July 6, 2022, Cribb served La'Tiejira's attorney with this Notice of Oral Hearing scheduled for August 5, 2022 via e-file.

On July 7, 2022, La'Tiejira filed "Plaintiff's Response in Support of Plaintiff's Motion to Compel Production and Responses to Defendant's Response and Motion to Strike and/or for Sealing." She again argued that the discovery sought went to Cribb's credibility and whether he lied in his divorce proceeding and to prior inconsistent statements, among other things. La'Tiejira also asserted that Cribb denied writing the letter containing the promise. She argued that the information from Cribb's divorce proceedings were evidence of his "untruthfulness and prior inconsistent statements."

On August 5, 2022, the trial court conducted a hearing on La'Tiejira's Motion to Compel and Cribb's Motion for Sanctions. Neither La'Tiejira nor her attorney attended the hearing. The trial court denied Plaintiff's Motion to Compel and granted

7

Cribb's Motion for Sanctions. Regarding Plaintiff's Motion to Compel, the trial court stated, "I was deeply disturbed by the invasive visual recording and the intimate visual material that he filed smack dab in the middle of the exhibits in his Motion to Compel." The trial court also cited Texas Penal Code section 21.16 and explained she felt the statute was violated when La'Tiejira filed the visual "intimate parts" without "effective consent" that harmed Cribb and revealed his identity by showing his face. The trial court concluded sanctions were warranted for Plaintiff's Motion to Compel which included this material.

Cribb's counsel explained that he "reached out to [Plaintiff's counsel] to beg him not to do this" and received no response. Cribb's attorney testified regarding his hourly rate of $600, his associate's hourly rate of $375, and the time they each spent responding to the Motion to Compel and dealing with the issues surrounding the disclosure of private photographs. Counsel explained that he and his associate each spent six hours working on it for a total amount of $5,850 in attorney's fees, and the trial court found "that amount is reasonable and necessarily incurred in dealing with what is unusual, thankfully, and difficult, unfortunately, situation created by [Plaintiff's counsel]." The same day, the trial court signed an Order denying La'Tiejira's Motion to Compel and granting Cribb's Motion for Sanctions. The trial court ordered that La'Tiejira and her attorney were jointly and severally liable to pay $5,850 to Cribb and specified the amount reflected "the reasonable and necessary

attorney's fees spent on addressing the Motion to Compel." The order did not state the Rule under which it granted sanctions, have particularized findings of good cause for the sanctions award, or otherwise describe the conduct that led to the sanctions.

On August 17, 2022, La'Tiejira filed "Plaintiff's Motion for Reconsideration of Her Motion to Compel Defendant's Responses to Requests for Production." In the Motion for Reconsideration, she complained about the sanctions and argued the trial court abused its discretion. She reasserted the claims alleged in her Petition and the Motion to Compel. She also claimed Cribb's credibility is at issue. La'Tiejira argued the trial court was preventing discovery of relevant matters for undisclosed reasons. She complained that the trial court's order was issued without any reasoning, so she requested Findings of Fact and Conclusions of Law. La'Tiejira argued that the trial court improperly decided the motion to compel and sanctions by submission, despite it being moved to an oral hearing docket for August 5, 2022. She noted that she filed the motion under the "Contains sensitive data" designation. She complained the sanctions were improper under Rule 215 and that if awarded under Rule 13, that the pleading must be groundless and brought in bad faith or groundless and for the purpose of harassment and disputed that the Motion to Compel was groundless. Finally, she contended that sanctions must be awarded only for good cause and must be specified in the sanctions order, which the trial court

9

failed to do. She set her Motion for Reconsideration for submission on September 16, 2022.

On August 17, 2022, La'Tiejira also filed "Plaintiff's Request for Findings of Fact and Conclusions of Law Regarding Trial Court's Denial of Plaintiff's Motion to Compel and Sanction – Attorney Fees" where she again incorrectly noted that the trial court considered those motions on submission rather than at an oral hearing. On August 23, 2022, La'Tiejira filed "Plaintiff's Motion for Leave to Take the Deposition of Defendant John Cribb" and "Plaintiff's Motion to Strike Defendant's First Amended Answer Filed in Violation of the Trial Court's Docket Control Order." The record shows that La'Tiejira set her "Motion for Leave to Take Deposition of John Cribb" for submission on September 16, 2022, a week after the scheduled submission of Cribb's Motion for Summary Judgment.

**Motions for Summary Judgment, Response and Evidence**

On February 24, 2022, Cribb filed his "Motion for Summary Judgment" based on affirmative defenses, and the next day, he filed a "First Amended Motion for Summary Judgment," which the trial court denied. After the discovery period closed, on August 18, 2022, Cribb filed "Defendant's No Evidence Motion for Summary Judgment, and First Amended Motion for Traditional Summary Judgment." Cribb argued, among other things, that La'Tiejira presented no evidence of consideration, performance, or forbearance in reliance of Cribb's alleged promise made on March

10

27, 2016. Cribb further contended there was no evidence of a written contract between the parties. Cribb argued that if the court determined the March 2016 note was a written contract, it was unsigned by Cribb. Finally, Cribb argued that La'Tiejira's claim for fraud in inducement of a contract was unrecognized, since she sought benefit of the bargain damages. Cribb scheduled the Motion to be heard by submission on September 9, 2022.

La'Tiejira initially responded to "Defendant's No Evidence Motion for Summary Judgment, and First Amended Motion for Traditional Summary Judgment" on September 1, 2022, and attached multiple exhibits, including her affidavit, which was unsigned. The next day, she filed "Plaintiff's Supplemental Response to Defendant's No Evidence Motion for Summary Judgment and First Amended Motion for Traditional Summary Judgment" and attached all the same evidence but supplemented with her signed affidavit. She also filed "Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Defendant's No Evidence and Motion for Summary Judgment" in which she addressed supplementing with her signed affidavit if the trial court considered it to be untimely.

On September 13, 2022, after submission of his Motion for Summary Judgment but before the trial court ruled on the Motion, Cribb filed "Defendant's Evidentiary Objections and Rejoinder to Plaintiff's Supplemental Response to Defendant's No Evidence Motion for Summary Judgment and First Amended

Motion for Traditional Summary Judgment." He lodged specific objections to each exhibit, which included all La'Tiejira's summary judgment evidence. He objected based on Texas Rules of Evidence 401, 403, 801, 802, 803, 804, 902 hearsay, lack of foundation, that certain evidence was irrelevant, and that her descriptions mischaracterized the evidence. As for La'Tiejira's affidavit, Cribb objected that: La'Tiejira's descriptions on pages 2 and 3 of the affidavit mischaracterized the evidence; specified statements within the affidavit were conclusory; specified statements within the affidavit contained speculation; certain statements within the affidavit were "internally inconsistent" and noted various inconsistent dates; La'Tiejira's assertion that Cribb promised to pay her $250,000.00 if they ever broke up was self-serving; and statements contained self-serving statements that were "subjective to Plaintiff and based on her unique interpretation of her own thoughts and feelings."

On September 16, 2022, the trial court signed a Final Judgment denying Cribb's Traditional Motion for Summary Judgment but granting his Motion for No Evidence Summary Judgment. The trial court listed the elements of fraud and the elements of breach of contract. The trial court sustained all Cribb's objections to La'Tiejira's summary judgment evidence, thus no evidence supported any of the contested elements. The trial court explained that "fraud in the inducement also requires proof of a valid contract," and there was no evidence of that element. The

12

trial court noted that there was no evidence of consideration, and a unilateral contract is accepted by performance, and "[i]n addition to being inadmissible, Plaintiff's own evidence demonstrates the lack of consideration[.]" The trial court explained the alleged promise of $250,000.00 was based on events which previously took place, and past consideration cannot support a contract.

Five days after the trial court signed the Final Judgment, La'Tiejira filed "Plaintiff's Motion to Strike Defendant's Evidentiary Objections and to Plaintiff's Supplemental Response to Defendant's No Evidence Motion for Summary Judgment and First Amended Motion for Traditional Summary Judgment." In her Motion to Strike Defendant's Evidentiary Objections, La'Tiejira complained that Cribb filed his objections four days after submission without leave of court. La'Tiejira further asserted that Cribb needed to file a motion to extend the deadline and demonstrate good cause. La'Tiejira thus complained that Cribb's "surreply" filed four days after submission that contained his objections failed to comply with Rule 166a(c).

## ISSUE ONE: DENIAL OF MOTION TO COMPEL

In issue one, La'Tiejira contends that the trial court improperly denied her Motion to Compel. She complains the trial court entered a "default order" and that the discovery sought about Cribb's divorce proceeding through the Motion to Compel was relevant to "establish the unilateral agreement and the fraud." La'Tiejira

13

contends that she did not have notice of the August 5, 2022 hearing on the Motion to Compel and Cribb's Motion to Strike filed in response. While acknowledging that notice of the scheduled August 5, 2022 hearing was sent to her attorney, she contends that "counsel did not receive the notice" and was unaware of the hearing. She complains that the trial court's denying her Motion to Compel without a hearing constituted a due process violation.

**Standard of Review and Applicable Law**

We review a trial court's ruling on a motion to compel discovery for an abuse of discretion. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009); *Stewart v. Lexicon Genetics, Inc.*, 279 S.W.3d 364, 373 (Tex. App.—Beaumont 2009, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Even if a trial court abuses its discretion in a discovery ruling, "the complaining party must still show harm on appeal to obtain a reversal." *Castillo*, 279 S.W.3d at 667 (citing Tex. R. App. P. 44.1(a)). Error is harmful if it "'probably caused the rendition of an improper judgment' or 'probably prevented the appellant from properly presenting the case to the court of appeals.'" *Id.* (quoting Tex. R. App. P. 44.1(a)). The scope of discovery is generally within the trial court's discretion. *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 831 (Tex. 2022) (orig. proceeding).

14

**Discovery**

In essence, an overbroad discovery request seeks irrelevant information. *See id.* at 832 (citations omitted). "Evidence is relevant if it tends to make a consequential fact 'more or less probable than it would be without the evidence.'" *Id.* (quoting Tex. R. Evid. 401). While relevance is broadly construed, "discovery may not be used as a fishing expedition." *Id.* (citations omitted).

In support of her first issue, La'Tiejira also complains that the trial court improperly denied her Motion to Compel and argues the discovery sought was relevant. The pleaded causes of action in this case were breach of "unilateral contract" and fraudulent inducement. La'Tiejira filed the Motion to Compel the production of multiple documents, including those related to a separate divorce proceeding involving Cribb and his wife. Other documents La'Tiejira sought included financial records showing Cribb transferred money to her or for purchases he made for her, receipts for their trips together, and other financial records.

Cribb never denied having a romantic relationship with La'Tiejira or that he gave her gifts and money. The record also shows La'Tiejira knew that he was married no later than November 11, 2015. Nevertheless, La'Tiejira's Motion to Compel attached multiple documents and photographs describing and depicting sexually explicit interactions between the parties. The sexually explicit documents

15

attached as exhibits were irrelevant and unnecessary to the Motion to Compel and the production of documents La'Tiejira claimed she was entitled to.

The discovery sought from Cribb's divorce proceeding is irrelevant to the existence of a unilateral contract between Cribb and La'Tiejira. What happened in Cribb's divorce does not make it more or less probable that Cribb entered into a contract to pay La'Tiejira $250,000.00. *See id.*; *see also* Tex. R. Evid. 401. The record shows that La'Tiejira already possessed the additional financial information sought, as it was attached to her Motion to Compel with the sexually explicit material.

Finally, as the complaining party, La'Tiejira bears the burden of showing harm to warrant reversal. *See Castillo*, 279 S.W.3d at 667 (citing Tex. R. App. P. 44.1(a)). La'Tiejira has failed to show that the trial court's denial of her Motion to Compel caused the rendition of an improper judgment or prevented her from properly presenting her case on appeal. *See id.*; *see also* Tex. R. App. P. 44.1(a). We hold that the trial court did not abuse its discretion in denying La'Tiejira's Motion to Compel, and La'Tiejira failed to show she was harmed by the trial court's denial of her Motion to Compel. *See* Tex. R. App. P. 44.1(a); *Castillo*, 279 S.W.3d at 667.

**Notice of Oral Hearing**

Due process requires that parties receive notice of trial court proceedings that is "'reasonably calculated, under all the circumstances, to apprise interested parties

16

of the pendency of the action and afford them an opportunity to present their objections.'" *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422–23 (Tex. 2023) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (other citations omitted). Texas Rule of Civil Procedure 21 provides that:

> Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket ....

Tex. R. Civ. P. 21(a). The parties must also file a certificate of service for every filed pleading, plea, motion or application. Tex. R. Civ. P. 21(d). Rule 21(b) requires that

> "[a]n application to the court for an order and notice of any court proceeding, as defined in Rule 21d(a) . . . must be served upon all other parties not less than three days before the time specified for the court proceeding, unless otherwise provided by these rules or shortened by the court. Notice of any court proceeding must contain the information needed for participants . . . to participate in the proceeding, including the location of the proceeding[.]

Tex. R. Civ. P. 21(b). Rule 21a(a)(1) states that documents "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." Tex. R. Civ. P. 21a(a)(1). "Electronic service is complete on transmission of the document to the

17

serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." Tex. R. Civ. P. 21a(b)(3).

"Receipt is an element of service." *Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.) (citation omitted). "Notice served in accordance with Rule 21a raises a presumption that notice was received . . . but 'we cannot presume that notice was properly sent[.]'" *Wade v. Valdetaro*, No. 23-0443, 2024 WL 3996110, at *2–4 (Tex. Aug. 30, 2024) (citing Tex. R. Civ. P. 21a(e); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)). A presumption of receipt may be rebutted by an offer of proof of nonreceipt. *See Cliff v. Huggins*, 724 S.W.2d 778, 779–80 (Tex. 1987). When a document has been sent according to Rule 21a, absent contrary evidence, the presumption of receipt "has the force of a rule of law." *Id.* at 780 (citation omitted).

The record reveals that when La'Tiejira filed her Motion to Compel, she set it for submission on July 8, 2022 rather than an oral hearing. Then, Cribb filed and electronically served "Defendant's Response to 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production,' Defendant's Request for Sanctions, and Request for Oral Hearing." Thereafter, on July 6, 2022, Cribb filed a Notice of Oral Hearing reflecting Plaintiff's Motion to Compel had been removed from the trial court's July 8 submission docket, and instead an oral hearing would be held on August 5, 2022, addressing Plaintiff's Motion to Compel and

18

"Defendant's Motion to Strike 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production' or, in the Alternative, Motion to Seal 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production', and Defendant's Request for Sanctions." The Notice of Oral Hearing included the date, time, and location of the hearing, and it included a Certificate of Service showing that La'Tiejira's attorney had been served electronically. The email address corresponded to the one where he had sent "Defendant's Motion to Strike 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production' or, in the Alternative, Motion to Seal 'Plaintiff's Motion to Compel Defendant's Responses to Request for Production', and Defendant's Request for Sanctions." In her brief, La'Tiejira acknowledges that Cribb "filed a Notice of Oral Hearing on July 6, 2022, notifying Appellant of the hearing on the Motion to Strike, Motion to Compel and Motion for Sanctions filed by Defendant/Appellee," sent to the correct email address, yet denies receiving the Notice of Hearing. On appeal, she asserts this constituted a denial of due process.

After the trial court denied her Motion to Compel and granted Cribb's Motion for Sanctions, La'Tiejira filed "Plaintiff's Motion for Reconsideration of her Motion to Compel Defendant's Responses to Request for Production." In the Motion for Reconsideration, La'Tiejira did not offer evidence of nonreceipt. *See* Tex. R. Civ. P. 21a(e) (allowing for evidence to rebut presumption of receipt). Rather, the record

19

establishes that Cribb sent the Notice of Hearing in accordance with Rule 21a, and absent contrary evidence, the presumption of receipt "has the force of a rule of law." *See Cliff*, 724 S.W.3d at 780 (citation omitted). Counsel for Cribb provided a certificate of service, which "certificate . . . shall be prima facie evidence of the fact of service." *See* Tex. R. Civ. P. 21a(e); *Duarte v. Brookaye P'ship, Ltd.*, No. 09-20-00128-CV, 2022 WL 17350922, at *5 (Tex. App.—Beaumont Dec. 1, 2022, no pet.) (mem. op.) (same discussing Rule 21a(e)). The record also shows that: (1) she received the electronically filed motions that were the subject of the August 5, 2022 hearing sent to the same email addresses; and (2) her attorney responded to those motions before the hearing. Despite denying receipt of the Notice of Hearing, "we do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006) (citation omitted); *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (citation omitted) (same).

La'Tiejira also seemingly confuses this hearing with a later scheduled submission of Cribb's Motion for Summary Judgment. She contends that the Motion to Compel was set for hearing on September 9, 2022, and that by ruling on it on August 5, the trial court violated her due process rights. As explained above, the record conclusively establishes the Motion to Compel and the Motion to Strike

20

containing the request for sanctions was set for oral hearing on August 5, 2022, and the Notice of hearing was sent in accordance with Rule 21a.

She likens the trial court's order denying the Motion to Compel as a "default judgment." In support of this, La'Tiejira contends that the August 5, 2022 Order would not have provided "notice that an in person hearing was conducted." This argument lacks merit, as the Order on Motion to Compel and Motion for Sanctions states in the first sentence that "[o]n this day, the Court called Plaintiff's Motion to Compel and Defendant's Motion for Sanctions for oral hearing." Further, the Reporter's Record from the August 5 hearing shows that the trial court considered La'Tiejira's Motion to Compel, Cribb's Response to Plaintiff's Motion to Compel Defendant's Responses to Request for Production, and La'Tiejira's Response in Support of Plaintiff's Motion to Compel Production and Responses to Defendant's Response and Motion to Strike and/or for Sealing filed by Plaintiff on July 7, 2022.

We disagree that La'Tiejira's due process rights were violated. Rather, the record shows, and she acknowledges in her brief, that Cribb's counsel sent a Notice of Hearing scheduled for August 5, 2022 in accordance with Rule 21a. *See* Tex. R. Civ. P. 21a. Despite her denial on appeal that she received the notice, she did not make an offer of proof to rebut the presumption of receipt. *See Cliff,* 724 S.W.2d at 780; *Duarte,* 2022 WL 17350922, at *5 (explaining that party must offer evidence rebutting presumption of receipt). Appellant's Reply Brief states that "[t]he

21

undersigned attorney concedes that he may have missed notice of hearing, but such failure was not intentional." La'Tiejira and her attorney were afforded notice and an opportunity to be heard regarding the Motion to Compel and Cribb's Motion for Sanctions, thus due process requirements were satisfied.

We conclude that when Cribb served the Notice of Hearing in accordance with Rule 21a, La'Tiejira failed to offer evidence rebutting the presumption that she received notice. *See Cliff*, 724 S.W.2d at 780; *Duarte*, 2022 WL 17350922, at \*5; *see also* Tex. R. Civ. P. 21a(a)(1), (b)(3), (e). Thus, the due process requirement that a party receive notice and an opportunity to be heard was satisfied. *See B. Gregg Price, P.C.*, 661 S.W.3d at 422–23.

We overrule issue one.

## ISSUE TWO: SANCTIONS

In her second issue, La'Tiejira complains that the trial court improperly granted sanctions that required her and her attorney to pay $5,860 for responding to the Motion to Compel that contained the sexually explicit photographs. In support of this issue, she contends the trial court's sanctions order fails to specify the reason for the sanctions and the sanction was "improper and excessive." She also argues that the Motion to Compel was not groundless and asserted that the discovery sought went to, among other things, Cribb's credibility.

22

After La'Tiejira filed her Motion to Compel that attached sexually explicit material, Cribb moved to strike the Motion to Compel and sought sanctions under Texas Rule of Civil Procedure 13 and 76a and Texas Civil Practice and Remedies Code Chapters 9 and 10. Cribb argued La'Tiejira's Motion to Compel "was filed in bad faith, with the sole purpose of harassing and embarrassing the Defendant and/or influencing the Court with evidence of a salacious and embarrassing nature which is not relevant to the filing of the pleading in question." Cribb's counsel explained that he asked opposing counsel to withdraw the filing and submit it without the sexually explicit content, but La'Tiejira's attorney "ignored" the request. Cribb included an email exhibit that showed his attorney advised opposing counsel the images filed with the Motion to Compel as part of the public record violated Cribb's privacy rights and that the explicit photographs attached as exhibits to the Motion to Compel were "not a necessary component of your claims."

At the August 5, 2022 hearing, the trial court addressed Cribb's Motion to Strike Plaintiff's Motion to Compel and his request for sanctions. As explained above, La'Tiejira and her attorney failed to appear. The trial court explained that La'Tiejira's Motion to Compel including the sexually explicit photographs filed without Cribb's consent likely violated Texas Penal Code sections 21.15 and 21.16. *See* Tex. Penal Code Ann. §§ 21.15, 21.16. Cribb's attorney explained that he spent much time responding to the Motion to Compel and preparing the Motion to Strike.

23

He also explained that he requested opposing counsel withdraw the filing, and that request was ignored. Cribb's attorney testified as to his hourly rate, his associate's rate, and how long they spent responding to the Motion to Compel, preparing the necessary motions to try to remove the explicit material from the public record, and preparing for the hearing. The trial court granted the Motion for Sanctions and awarded $5,850 in attorney's fees.

The trial court's "Order on Motion to Compel and Motion for Sanctions" provided,

> It is further ORDERED that Defendant's Motion for Sanctions is GRANTED.
> It is further ORDERED that Paree La'Tiejira and her counsel, Jimmie L. Brow[]n are jointly and severally liable for sanctions in the amount of $5,850.00 to be paid to John A. Cribb through his counsel of record, said amount reflecting the reasonable and necessary attorney's fees spent on addressing the Motion to Compel.

In her Motion for Reconsideration, La'Tiejira objected that the trial court's sanctions order was defective and argued, among other things, that the order lacked the requisite particularity and failed to specify the misconduct leading to the sanctions award.

**Standard of Review**

We review the imposition of sanctions under the Rules of Civil Procedure and the Civil Practice and Remedies Code for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex.

24

2004). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire*, 134 S.W.3d at 838–39 (citing *Downer*, 701 S.W.2d at 241). We will reverse only if the trial court's ruling is arbitrary or unreasonable. *See id.* at 839.

**Rule 76a Sanctions**

Although Cribb requested sanctions under Rule 76a, that rule solely addresses sealing court records. *See generally* Tex. R. Civ. P. 76a. No language in Rule 76a authorizes the award of sanctions. *See id.*

**Rule 13 Sanctions**

Texas Rule of Civil Procedure 13 provides, in pertinent part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13. Courts presume that pleadings, motions, and other papers are filed in good faith. *See id.* "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." *Id.* Under Rule 13, "[g]roundless . . . means no basis in law or fact and not warranted by good

25

faith argument for the extension, modification, or reversal of existing law." *Id.* Bad faith is more than poor judgment or negligence and involves conscious wrongdoing for an impermissible reason and "includes 'conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose.'" *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 719 (Tex. 2020) (citations omitted) (discussing bad faith in context of court's inherent power to sanction). Harassment means the motion was intended to annoy, alarm, and abuse another person. *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Under Rule 13, a trial court may not award sanctions unless the pleading is both: (1) groundless; and (2) brought in bad faith or for the purpose of harassment. *See* Tex. R. Civ. P. 13.

A trial court imposing sanctions under Rule 13 must include particularized findings of "good cause" justifying the sanctions in its order. *See* Tex. R. Civ. P. 13; *Interest of D.Z.*, 583 S.W.3d 284, 294 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Mobley v. Mobley*, 506 S.W.3d 87, 93 (Tex. App.—Texarkana 2016, no pet.). "An order imposing Rule 13 sanctions that fails to state the particulars of good cause is an abuse of discretion and unenforceable." *Guerra v. L&F Distributors, LLC*, 521 S.W.3d 878, 889 (Tex. App.—San Antonio 2017, no pet.) (citation omitted). "When sanctions are based on a party's motion, a trial court may not award sanctions on grounds not asserted in that motion." *Reynolds Energy Transport, LLC v. Plains*

26

*Mktg., L.P.*, No. 04-22-00450-CV, 2024 WL 3207541, at *12 (Tex. App.—San Antonio June 28, 2024, no pet.) (mem. op.) (citations omitted).

Although the record shows that at the hearing, Cribb's counsel and the trial court discussed the nature of the offensive exhibits at length, there was no discussion of the discovery sought by the Motion to Compel. Without this, the record does not support that the Motion to Compel had "no basis in law or fact and [was] not warranted by good faith argument for the extension, modification, or reversal of existing law." *See* Tex. R. Civ. P. 13. Even though the record supports a finding that the motion was filed in bad faith or for the purpose of harassment, it does not support a finding that it was groundless. *See id.*

Here, the trial court did not include particularized findings of "good cause" in its Order as required by Rule 13. *See id.*; *Interest of D.Z.*, 583 S.W.3d at 294; *Mobley*, 506 S.W.3d at 93. La'Tiejira complained about this in her Motion for Reconsideration, preserving error about the form of the Order. *See Mobley*, 506 S.W.3d at 93 (explaining that a party waives its right to complain of trial court's failure to specify the grounds for its sanctions order if appellant did not bring omission to trial court's attention); *see also* Tex. R. Civ. P. 33.1. Since the record does not support a finding that the Motion to Compel was groundless, and the trial court's Order on the Motion to Compel and Motion for Sanctions failed to include particularized findings of good cause for Rule 13 sanctions, it constituted an abuse

27

of discretion and is unenforceable. *See* Tex. R. Civ. P. 13; *Guerra*, 521 S.W.3d at 889.

**Chapter 9 and 10 Sanctions**

Cribb also moved for sanctions under Texas Civil Practice and Remedies Code Chapters 9 and 10. Although the Order states it was based on Cribb's Motion for Sanctions, it did not mention Chapter 9 or 10. We now turn to whether the trial court could have properly awarded sanctions under those chapters.

Under Chapter 9,

The signing of a pleading as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not:
(1) groundless and brought in bad faith;
(2) groundless and brought for the purpose of harassment; or
(3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 9.011. As discussed above, while the record may support a finding of bad faith or harassment, it does not support a finding that the Motion to Compel was groundless, thus sanctions under Chapter 9 would likewise not be warranted. *See id.* § 9.011.

Section 10.001 provides,

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

*Id.* § 10.001. "When imposing sanctions under chapter 10, the trial court must describe the conduct it has determined violated section 10.001 and explain the basis for the sanction imposed." *21st Mortg. Corp. v. Hines*, No. 09-15-00354-CV, 2016 WL 7177697, at *4 (Tex. App.—Beaumont Dec. 8, 2016, pet. denied) (mem. op.). (citation omitted); *see* Tex. Civ. Prac. & Rem. Code Ann. § 10.005 ("A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.").

Unlike Chapter 9 or Rule 13, "a pleading is sanctionable under chapter 10 if it violates just *one* of the certifications set out in section 10.001." *Dunavin v. Meador*, No. 2-7-230-CV, 2008 WL 2780782, at *6 (Tex. App.—Fort Worth July 17, 2008, no pet.) (mem. op.) (emphasis in original). Under Chapter 10, a pleading

29

is sanctionable if, "it is presented for an improper purpose *or* it lacks evidentiary support and is unlikely to have evidentiary support after a reasonable opportunity for further investigation." *Id.* (emphasis in original) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.004(a)).

The record shows La'Tiejira's attorney filed the Motion to Compel in the public record and the motion included sexually explicit photographs. Such evidence could support a finding that the Motion to Compel was presented for an improper purpose, including to harass or embarrass Cribb, and thus violated section 10.001(1). *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1). Even so, the trial court failed to describe the conduct in its Order that violated section 10.001 or to explain the basis for the sanction imposed. *See id.* § 10.005; *Hines,* 2016 WL 7177697, at *4. La'Tiejira complained about the deficiencies in the trial court's Order granting sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.005. To the extent the trial court awarded sanctions under Chapter 10, we conclude the trial court abused its discretion by entering an Order that failed to describe the conduct that violated section 10.001 or to explain the basis for the sanction imposed. *See id.* § 10.005; *Hines*, 2016 WL 7177697, at *4.

We have determined that the record does not support a finding that the Motion to Compel was groundless under Rule 13 or Chapter 9. *See* Tex. R. Civ. P. 13, Tex. Civ. Prac. & Rem. Code Ann. § 9.011. The trial court also abused its discretion by

30

failing to include in its sanctions Order (1) particularized findings of good cause under Rule 13 and (2) a description of the conduct resulting in the sanction or the basis for the sanction imposed as required by Chapter 10. *See* Tex. R. Civ. P. 13, Tex. Civ. Prac. & Rem. Code Ann. § 10.005; *Hines*, 2016 WL 7177697, at *4; *see also Guerra*, 521 S.W.3d at 889. We sustain issue two.

## ISSUES THREE AND FOUR: CONTINUANCE AND DEPOSITION

In issue three, La'Tiejira complains that the trial court improperly denied her "Motion for Continuance" without a hearing, which constituted an abuse of discretion. In issue four, she asserts that the trial court improperly denied her "Motion for Leave to Take the Deposition of Defendant John Cribb."

**Denial of Continuance**

We review a trial court's denial of a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Kozak v. LeFevre Dev., Inc.*, No. 09-18-00369-CV, 2019 WL 2220305, at *7 (Tex. App.—Beaumont May 23, 2019, no pet.) (mem. op.). We will reverse the trial court's denial of a motion for continuance only if it acted arbitrarily, unreasonably, or without reference to any guiding rules and principles. *See BMC Software Belg.*, 83 S.W.3d at 800; *Kozak*, 2019 WL 2220305, at *7. Texas Rule of Civil Procedure 252 requires that if a continuance is sought for "want of testimony, the party applying therefor shall make affidavit . . . showing that he has used due diligence to procure

31

such testimony, stating the diligence, and the cause of failure, if known[.]" Tex. R. Civ. P. 252; *see Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied) (noting Rule 252's requirement that party seeking continuance must assert that they have "exercised due diligence in obtaining any needed discovery" or assert "the reason for her failure to obtain such discovery in a timely fashion[]").

On October 15, 2021, La'Tiejira filed suit, and the trial court granted her motion for substituted service. On January 21, 2022, Cribb answered. On June 23, 2022, La'Tiejira filed her Motion for Continuance noting that the case was set for trial in October 2022 and asking that the trial date be continued until February 2023. She requested that the trial court amend its DCO to extend the discovery deadline from July 2022 to November 2022. La'Tiejira listed the written discovery that had been completed and asserted that she "will seek to take the deposition of Defendant[,]" but she did not explain her diligence scheduling his deposition before this time. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc. v. Hightower & Assocs., Inc.*, No. 03-19-00255-CV, 2020 WL 3468148, at *6 (Tex. App.—Austin June 18, 2020, pet. denied) (mem. op.) (concluding no abuse of discretion denying continuance where party did not explain how it exercised due diligence scheduling depositions in previous eight months). Likewise, nothing in the record suggests La'Tiejira attempted to depose Cribb before filing the Motion for

32

Continuance. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*, 2020 WL 3468148, at *6. She complained that she would need a hearing on her Motion to Compel and that her attorney contracted COVID on June 15, 2022, leaving him unable to work full time. This does not account for the intervening five months after Cribb answered or show the diligence used to depose him before counsel became ill, nor does the Motion for Continuance explain this. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*, 2020 WL 3468148, at *6.

La'Tiejira's recitation of the facts surrounding the denial of the continuance requires clarification. She alleges that the trial court denied her Motion for Continuance "without notice of hearing or submission[.]" Although true that the trial court denied the Motion for Continuance, the record shows that La'Tiejira scheduled her Motion for Continuance to be heard by submission on July 8, 2022. Unlike the Motion to Compel, which involved a responsive Motion to Strike and for Sanctions that was rescheduled for an oral hearing, the Motion for Continuance was only scheduled to be heard by submission. On August 8, 2022, the trial court signed its Order denying the Motion for Continuance, which stated, "On July 8, 2022, Plaintiff's Motion for Continuance was submitted to the Court for a ruling. It is: ORDERED that Plaintiff's Motion for Continuance is DENIED." Her assertion that the Motion for Continuance was denied "without notice and/or opportunity to

33

appear" lacks merit, as she is the party who filed the Motion and a Notice of Submission specifying it would be "heard" on July 8, 2022, the date reflected in the trial court's Order denying the Motion for Continuance.

We conclude the trial court did not abuse its discretion by denying the Motion for Continuance when La'Tiejira failed to explain how she exercised due diligence in procuring Cribb's deposition for the five months before her attorney became ill. *See BMC Software Belg.*, 83 S.W.3d at 800 (abuse of discretion); *Kozak*, 2019 WL 2220305, at *7 (same); *see also* Tex. R. Civ. P. 252 (requirement to explain diligence); *Risner*, 18 S.W.3d at 909 (same). The trial court also did not abuse its discretion by denying the Motion for Continuance without an oral hearing where the record reflects the trial court "heard" the motion by submission, as requested and noticed by La'Tiejira. *See BMC Software Belg.*, 83 S.W.3d at 800; *Kozak*, 2019 WL 2220305, at *7. We overrule issue three.

**Denial of Motion for Leave to Depose Cribb**

In issue four, La'Tiejira also complains that the trial court improperly denied her "Motion for Leave to Take the Deposition of Defendant." On August 23, 2022, she filed her "Motion for Leave to Take the Deposition of Defendant John Cribb" and argued that because Cribb amended his answer on July 28, 2022, she needed to depose him outside the discovery period, which closed per the trial court's Docket Control Order on July 5, 2022. On September 2, 2022, La'Tiejira set her "Motion

34

for Leave to Take the Deposition of Defendant John Cribb" to be heard by submission on September 16, 2022.

"Trial courts have discretion to manage their dockets and to schedule cases so the court may conveniently and efficiently dispose of the cases that are on its docket." *Coe v. Weller, Green, Toups & Terrell, LLP*, No. 09-18-00365-CV, 2020 WL 6929662, at *8 (Tex. App.—Beaumont Nov. 25, 2020, pet. denied) (mem. op.) (citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982)). "Under the Texas Rules of Civil Procedure, trial courts are authorized to create deadlines to control the various phases of the cases on their dockets." *Interest of L.P.*, No. 09-19-00421-CV, 2020 WL 7062328, at *5 (Tex. App.—Beaumont Dec. 3, 2020, pet. denied) (mem. op.) (citing Tex. R. Civ. P. 166).

For the same reasons outlined above in our discussion of the Motion for Continuance, the trial court did not abuse its discretion in denying the Motion for Leave to depose Cribb after the discovery deadline. La'Tiejira claims that she needed to depose him after the discovery cutoff, because he filed an untimely amended answer. Nevertheless, she failed to establish that she exercised diligence in attempting to schedule his deposition before the discovery period ended. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*, 2020 WL 3468148, at *6. She did not delineate any attempts she made to depose him before discovery closed. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*,

35

2020 WL 3468148, at *6. Additionally, although she cited deposing Cribb as one basis for her earlier Motion for Continuance, the record does not show, nor does she allege any efforts she undertook to schedule his deposition in the two months that followed. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*, 2020 WL 3468148, at *6.

Since La'Tiejira has failed to show that she exercised diligence in seeking Cribb's deposition before the close of the discovery period, the trial court did not abuse its discretion in denying her Motion for Leave. *See* Tex. R. Civ. P. 252; *Risner*, 18 S.W.3d at 909; *see also JTREO, Inc.*, 2020 WL 3468148, at *6. We overrule issue four.

## ISSUE FIVE: AMENDED ANSWER

Although difficult to determine from her brief, in her fifth issue, La'Tiejira seemingly complains that the trial court impliedly granted leave for Cribb to amend his answer after the deadline provided in the DCO. Cribb's First Amended Answer added the affirmative defenses of offset and payment in whole or part. Cribb responds that although La'Tiejira filed a Motion to Strike his First Amended Answer, she failed to present it to the court by submission or hearing.

As a prerequisite to presenting a complaint for appellate review, the complaint (1) must have been presented to the trial court by a timely motion and (2) the trial court must have expressly or impliedly ruled on the motion or refused to rule on the

36

motion and the complaining party objected to the trial court's refusal to rule. *See* Tex. R. App. P. 33.1(a); *Appleton v. Consol. Crane & Rigging, LLC*, No. 09-21-00247-CV, 2022 WL 17843993, at *3 n.5 (Tex. App.—Beaumont Dec. 22, 2022, no pet.) (mem. op.) (explaining that it was appellant's responsibility to request a hearing on her motion to compel where she noted the trial court's failure to rule on a motion to compel but she did not request hearing); *Arevalo v. Hauser*, No. 14-98-00932-CV, 1999 WL 694939, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 1999, pet. denied) (mem. op.) (concluding complaint that trial court abused its discretion by failing to strike answer was not preserved for appellate review where appellant failed to obtain a ruling on the motion). The record does not show that La'Tiejira ever presented her Motion to Strike Cribb's First Amended Answer to the trial court by hearing or submission nor does the record show she requested one on the Motion to Strike. Thus, she has failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a); *Appleton*, 2022 WL 17843993, at *3 n.5; *Arevalo*, 1999 WL 69439, at *1. We overrule issue five.

## ISSUE SIX: SUMMARY JUDGMENT

In issue six, Appellant claims the trial court improperly granted traditional and no-evidence summary judgment for Cribb. Cribb counters that La'Tiejira failed to produce evidence of consideration which is necessary to establish a valid contract, and her evidence conclusively established the opposite of a vital fact. Cribb argues

that without consideration, there is not a valid contract—a requisite element of her breach of contract and fraudulent inducement claims.

The Final Judgment shows the trial court denied Cribb's First Amended Traditional Motion for Summary Judgment but granted the No Evidence Motion for Summary Judgment. Therefore, we limit our review to the grounds on which the trial court based its judgment and do not address La'Tiejira's arguments related to the traditional motion. *See Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996). After sustaining all Cribb's objections to La'Tiejira's summary judgment evidence, the trial court granted Cribb's No-Evidence Motion for Summary Judgment. The trial court's Final judgment explained this left La'Tiejira "with no evidence on this record as to either the breach of contract or the fraud claim." The trial court also explained that "[i]n addition to being inadmissible, Plaintiff's own evidence demonstrates the lack of consideration to support the 'contract.'" The trial court reasoned that the "alleged promise of $250,000 is based on events which, according to the author, previously took place – *i.e.*, past consideration – and past consideration is not valid consideration to support a contract."

As we outlined in our recitation of the facts, Cribb's "Motion for No Evidence Summary Judgment, and First Amended Motion for Traditional Summary Judgment" was set for submission on September 9, 2022. On September 13, 2022,

four days after the scheduled submission, Cribb filed his objections to La'Tiejira's summary judgment evidence but did not file a motion for leave.

**Standard of Review**

We review a trial court's decision to grant summary judgment de novo. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See City of Keller*, 168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted).

If a defendant files a combined traditional and no-evidence summary judgment motion, we first review the judgment under the no-evidence standards of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Werth v. Johnson*, 294 S.W.3d 908, 909 (Tex. App.—Beaumont 2009, no pet.). When the facts are undisputed, the analysis becomes a question of law for the judge; however, if the facts are disputed, it is a question for the trier of fact. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 518 (Tex. 1997). When a no-evidence motion has been filed, it "is essentially a pretrial directed verdict, and we apply the same legal

sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (citations omitted).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted); *see also City of Keller*, 168 S.W.3d at 810; *Chapman*, 118 S.W.3d at 751.

La'Tiejira sued for breach of a "unilateral contract" and that she was fraudulently induced into entering that contract. She alleged that Cribb promised to pay her $250,000.00 for deactivating her online dating profile and entering a relationship with him and sought specific performance.

To prove a claim for breach of contract, a party must establish: (1) formation of a valid contract; (2) performance by plaintiff; (3) breach by defendant; and (4) "the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). "[A] unilateral contract is created when a promisor promises a benefit if a promisee performs." *City of Hous. v. Williams*, 353 S.W.3d 128, 135–36 (Tex. 2011); *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 303 (Tex. 2009). "The requirement of mutuality is not met by an

40

exchange of promises; rather, the valuable consideration contemplated in 'exchange for the promise is something other than a promise,' i.e., performance." *City of Hous. v. 4 Families of Hobby, LLC*, No. 01-23-00436-CV, 2024 WL 3658049, at *10 (Tex. App.—Houston [1st Dist.] Aug. 6, 2024, no pet. h.) (quoting *Williams*, 353 S.W.3d at 136). Once the promisee performs, a unilateral contract becomes enforceable. *Williams*, 353 S.W.3d at 136 (citing *Vanegas*, 302 S.W.3d at 303); *4 Families*, 2024 WL 3658049, at *10. "'[A] unilateral contract occurs when there is only one promisor and the other accepts ... by actual performance,'" instead of the usual exchange of mutual promises. *Williams*, 353 S.W.3d at 136 (quoting *Vanegas*, 302 S.W.3d at 302); *4 Families*, 2024 WL 3658049, at *9. In other words, for a unilateral contract, the "valuable consideration contemplated" is performance. *See Williams*, 353 S.W.3d at 136 (citation omitted).

Past consideration will not support a subsequent promise. *CRC-Evans Pipeline Intern., Inc. v. Myers*, 927 S.W.2d 259, 265 (Tex. App.—Houston [1st Dist.] 1996, no writ). "Consideration is a present exchange bargained for in return for a promise." *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991) (citation omitted). It involves either a benefit to the promisor or a detriment to the promisee. *Id.* "The detriment must induce the making of the promise, and the promise must induce the incurring of the detriment." *Id.* (citation omitted).

Fraudulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001); *see also Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018) ("Because fraudulent inducement arises only in the context of a contract, the existence of a contract is an essential part of its proof.").

As evidence of this "unilateral contract," La'Tiejira relied on her affidavit where she claimed that Cribb had repeatedly orally promised "to take care of me[,]" as early as December 9, 2015, and the March 27, 2016 document promising the same and to pay $250,000.00 prepared by Cribb. In her affidavit, she stated "that in the event he died or anything happened to him or if we broke up, that he would give me $250,000.00 because of all that I had done for him in loving him." In the affidavit, she also alleged that in March 2016, Cribb emailed her, "Thank you also for the changes you have made in your life to accommodate my needs." La'Tiejira asserted that Cribb failed to pay her the $250,000.00 when they broke up. The written offer La'Tiejira claims to have relied on is an email that stated that if anything ever happened to Cribb, he wanted her to have $250,000.00 "to live on" and "[i]f we should ever break up[,] I want to give her $250,000 . . . [b]ecause I asked her when we [f]irst met online in the personals . . . [t]o take her ad down and I would take care of her forever." The evidence also showed that Cribb and La'Tiejira began a romantic relationship in November 2015. The evidence also showed that La'Tiejira

42

took her ad down when they began their relationship but accused Cribb of not doing the same.

Cribb argued in his No Evidence Motion for Summary Judgment, among other things, there was no evidence of consideration by La'Tiejira in reliance on the March 2016 promise. We agree. Even assuming the trial court improperly sustained all Cribb's late-filed objections to La'Tiejira's summary-judgment evidence and considering that evidence in La'Tiejira's favor, we agree that evidence conclusively establishes the opposite of a vital fact. *See City of Keller*, 168 S.W.3d at 810, 824; *Chapman*, 118 S.W.3d at 751.

Actual performance is the "valuable consideration" contemplated for a unilateral contract, and a contract cannot be based on past consideration. *See Williams*, 353 S.W.3d at 135–36; *Vanegas*, 302 S.W.3d at 303; *Myers*, 927 S.W.2d at 265. Taken in the light most favorable to the La'Tiejira as the nonmovant and as true, the oral statement and the March 2016 document show that the promises to pay La'Tiejira $250,000.00 did not induce her to perform such that a unilateral contract would be enforceable. *See City of Keller*, 168 S.W.3d at 810, 824 (viewing evidence in the light most favorable to the nonmovant); *Chapman*, 118 S.W.3d at 751 (same); *see also Williams*, 353 S.W.3d at 135–36 (discussing performance as consideration for unilateral contracts); *Vanegas*, 302 S.W.3d at 303 (same); *Myers*, 927 S.W.2d at 265 (valid contract cannot be based on past consideration). Rather, the evidence

43

shows when Cribb promised to pay $250,000.00: (1) the two were already in a relationship; (2) she had already taken down her personal ad; and (3) the written document shows that whether they remained together or broke up, Cribb said he would pay, which did not require any performance by La'Tiejira. *See Williams*, 353 S.W.3d at 135–36; *Vanegas*, 302 S.W.3d at 303; *Myers*, 927 S.W.2d at 265.

La'Tiejira's summary-judgment evidence conclusively proves the opposite of a vital fact–that there was no consideration by actual performance. Accordingly, there can be no unilateral contract. *See Williams*, 353 S.W.3d at 135–36; *Vanegas*, 302 S.W.3d at 303; *Myers*, 927 S.W.2d at 265; *see also City of Keller*, 168 S.W.3d at 810, 824; *Chapman*, 118 S.W.3d at 751. Absent a contract, there is no fraudulent inducement claim. *See Anderson*, 550 S.W.3d at 614; *Haase*, 62 S.W.3d at 798. The trial court properly granted Cribb's No Evidence Motion for Summary Judgment on the breach of contract and fraudulent inducement claims. We overrule issue six.

## CONCLUSION

We affirm the trial court's No Evidence Summary Judgment for Cribb. We reverse the portion of the trial court's August 5, 2022 Order awarding sanctions and render judgment that Cribb take nothing on his sanctions request, because (1) the record does not support a finding that the Motion to Compel was groundless under Chapter 9 or Rule 13, and (2) the trial court's Order awarding sanctions did not

contain the requisite information under Rule 13 or Texas Civil Practice and Remedies Code section 10.005.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.

W. SCOTT GOLEMON
Chief Justice

Submitted on February 29, 2024
Opinion Delivered October 17, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.